UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAWN ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV731 RWS |
| ) | |
| BOYAJIAN LAW OFFICES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before me on Plaintiff's Motion for Attorneys' Fees [#26]. Dawn Alexander is entitled to recover reasonable attorneys' fees under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Alexander has submitted a statement of fees and costs. They are unreasonable. As a result, I will reduce the amount of fees and costs awarded to a reasonable amount.

Alexander filed a one-count complaint against Boyajian Law Offices ("Boyajian") for allegedly harassing her in an attempt to collect a debt. Alexander sought statutory damages, compensatory damages, and attorneys' fees and costs. I ordered this case to mediation in December 2005. The mediator notified the Court on January 24, 2006, that the parties mediated in good faith but did not reach a settlement.

On May 22, 2006, Boyajian filed an offer of judgment pursuant to Fed. R. Civ. P. 68 for "full relief under statute [FDCPA] of $1,500.00 . . . for the alleged violation(s) of the [FDCPA]. The offer of judgment also stated that the amount of reasonable attorneys' fees would be determined by the Court if the parties' could not reach an agreement. Alexander accepted the offer of judgment on May 23, 2006.

The parties could not reach an agreement as to the amount of reasonable attorneys' fees, and Alexander filed her motion on June 15, 2006.

There has been no other motion practice or filings in this case other than that described above.

**ANALYSIS**

Under the FDCPA, Boyajian is liable to Alexander for "the costs of the action, together with a *reasonable* attorney's fee as determined by the court." 15 U.S.C.A. § 1692k(a)(3) (emphasis added).

To determine a reasonable attorney's fee, I must consider: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of employment by the attorney due to the acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the result obtained; 9) the experience, reputation and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. St. Louis Fire Fighters Assoc. v. City of St. Louis, Missouri, 96 F.3d 323, 332 n.10 (8th Cir. 1996).

Alexander submitted her statement of fees and costs in the amount of $9,058.10. The statement of fees includes 23.5 hours billed by lead counsel in the amount of $325.00 per hour and 2.0 hours billed by an associate at $180.00 per hour, totaling $7997.50 in fees. The statement of costs includes the $250.00 filing fee, $594.00 for the mediator's fee, and $216.60 for a plane ticket from Chicago to St. Louis.

The statement of costs and fees is clearly unreasonable. After a careful determination of this matter and the factors listed above, I find that a reasonable billing rate for this type of case is

$150.00 per hour. E.g., Rockwell v. Talbott, 2006 U.S. Dist. LEXIS 10170 (D. Neb. 2006) (finding reasonable attorneys' fees for experienced FDCPA attorney in Omaha, Nebraska to be from $115.00 to $145.00 per hour); Simmons v Miller & Steeno, P.C., 2002 WL 31898324 (E.D. Mo. 2002) (Limbaugh, J.) (finding reasonable attorneys' fees for FDCPA attorney in St. Louis, Missouri, to be $120.00 per hour). Counsel for Alexander has not introduced any evidence, other than his own self-serving affidavit, that supports his contention that $325.00 per hour is a reasonable rate for this type of work in St. Louis, Missouri. The hourly rate for the associate will be reduced proportionately to $82.50 per hour.[1]

The number of hours charged is inappropriate and will also be reduced. For example, 4.2 hours is an excessive amount of time for drafting and filing a complaint. I will reduce that time by 2.2 hours. Additionally, many of the hours billed by lead counsel are for what appears to be clerical work, such as updating files, calling the Court to request to participate in the Rule 16 Conference telephonically, or reviewing the calender. It is inappropriate to bill for these services at the rate of $150.00 per hour. After carefully reviewing the statement of fees, I have determined that 4.0 hours should be removed based on the description of the work as clerical.

I will also remove fees charged for travel time because travel time is not a reasonable fee in this case. Counsel is located in Chicago, Illinois. There is no compelling reason for Alexander to have hired Chicago counsel. There are several members of the local bar competent in FDCPA law. As a result, it would be unreasonable for Boyajian to be responsible for counsel's travel time. I will remove 4.0 hours that appears to be for travel time. I will also remove the cost of the plane ticket, in the amount of $216.60, because it is inappropriate.

---

[1] $180.00 is approximately 55% of $325.00; $82.50 is 55% of $150.00.

The final calculation for attorneys' fees is 13.3 hours at $150.00 per hour, totaling $1995.00; and 2.0 hours at the rate of $82.50 per hour, totaling $165.00. The total of all attorneys' fees is $2160.00. The total amount of reasonable costs is $844.00. The grand total of reasonable fees and costs is $3004.00.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant shall pay Plaintiff the amount of $3004.00 for reasonable attorneys' fees and costs pursuant to 15 U.S.C.A. § 1692k(a)(3).


Dated this 20th day of July, 2006.

                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE